UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NUMBER: 05-10563 JLT

HERBERT C. PERRY, )
    Plaintiff )
   ) DEFENDANTS' ANSWER TO
vs. ) PLAINTIFF'S AMENDED COMPLAINT
   )
RYAN LEMAY and ADVANCED )
DELIVERY SYSTEMS, INC., )
    Defendants )

## FIRST DEFENSE

**PARTIES:**

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiff's amended complaint.

2. The defendants Admit the allegations contained in paragraph 2 of the plaintiff's amended complaint.

3. In response to paragraph 3 of the plaintiff's amended complaint, the defendants state that they admit the allegations, but further state that ADS maintains an office in Massachusetts located a 1 Furniture Way in Swansea, which is the office involved in the Plaintiff's allegations.

**JURISDICTION:**

4.  The defendants Deny the allegations contained in paragraph 4 of the plaintiff's amended complaint.

**COUNT I**

5.  The Defendants repeat their answers to paragraphs 1 through 4 and incorporates them herein by reference.

6.  The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the plaintiff's amended complaint.

7.  In response to paragraph 7 of the plaintiff's amended complaint the defendants state that they Admit that a vehicle as identified was being operated by Mr. LeMay at the time and place in question, but Deny the remaining allegations of this paragraph as they refer to the plaintiff's actions at that time.

8.  The defendants Deny the allegations contained in paragraph 8 of the plaintiff's amended complaint.

9. The defendants Deny the allegations contained in paragraph 9 of the plaintiff's amended complaint.

## COUNT II

10. The Defendants repeat their answers to paragraphs 1 through 9 and incorporates them herein by reference.

11. The defendants Deny the allegations contained in paragraph 11 of the plaintiff's amended complaint.

12. The defendants Admit the allegations contained in paragraph 12 of the plaintiff's amended complaint.

13. In response to paragraph 13 of the plaintiff's amended complaint the defendants state that they Admit that Mr. LeMay was operating a vehicle as identified within the scope of his employment at the time and place in question, but Deny the remaining allegations of this paragraph as they refer to the plaintiff's actions at that time and/or state that the remaining allegations call for a legal conclusion to which no response is required.

14. The defendants Deny the allegations contained in paragraph 14 of the plaintiff's amended complaint.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

The Plaintiff's amended complaint fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

If the Plaintiff suffered damages, which the Defendants expressly deny, then such damages were caused in whole or in part by the negligence of the Plaintiff and his recovery, if any, should be barred or proportionately reduced under M.G.L. c. 231 § 85.

### FOURTH DEFENSE

The damages alleged by the Plaintiff were not caused by the act or acts of any person for whose conduct the Defendants were legally responsible.

### FIFTH DEFENSE

The Plaintiff is estopped by his own conduct from recovery against the Defendants.

### SIXTH DEFENSE

The Defendants state that the Plaintiff's amended complaint should be dismissed pursuant to M.G.L. c. 231 § 6F, insofar as the Plaintiff's amended

complaint is frivolous in nature, and the Defendants should be awarded the appropriate remedies.

### SEVENTH DEFENSE

If the Plaintiff suffered damages, which the Defendants expressly deny, then such damages were caused by dangers, the risk of which the Plaintiff assumed.

### EIGHTH DEFENSE

The defendants state that if the plaintiff suffered any injury or damage, which the defendants specifically deny, such damage was caused by the intervening and superseding acts or omissions of parties other than the defendants, which said defendants could not have reasonably foreseen.

### NINTH DEFENSE

The Defendants state that to the extent they had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### TENTH DEFENSE

The defendants state that this action is barred under the provisions of Massachusetts General Laws, chapter 231, section 6D.

## ELEVENTH DEFENSE

The Plaintiff's claims are barred pursuant to the no-fault provisions of M.G.L. c. 90.

## TWELFTH DEFENSE

In further answering, the Defendants state that the Plaintiff was not exercising due care for his own safety at the time he incurred his alleged injuries and therefore he is barred from recovery.

## THIRTEENTH DEFENSE

The defendants state that they are exempt from tort liability for damages to the plaintiff to the extent provided under Chapter 90, Section 34M of the Massachusetts General Laws and that any damages recovered by the plaintiff should be reduced to the extent of benefits paid to the plaintiff under the provisions of Chapter 90, Sections 34A through M of the Massachusetts General Laws.

## FOURTEENTH DEFENSE

The defendants states that they are exempt from tort liability for damages to the plaintiffs under the sudden emergency doctrine.

## FIFTEENTH DEFENSE

The defendants states that the Plaintiff's claims do not meet the jurisdictional requirements of this Court and therefore should be dismissed.

**WHEREFORE**, the Defendants demand judgment:

1. Dismissing the Plaintiff's amended complaint;
2. For costs and reasonable attorney's fees; and
3. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

**THE DEFENDANTS DEMAND A TRIAL BY JURY AS TO ALL ISSUES.**

Defendants,
Ryan LeMay and Advanced Delivery Systems, Inc.,
By their attorney,

_/s/ Mark S. Bodner_
Mark S. Bodner (BBO#546005)
Kenner, Engelberg, Bratcher & Whalen
60 State Street, Suite 600
Boston, MA 02109
(617) 371-4141

DATED: 6/17/05

I hereby certify that a true copy of the above document was served upon each party or upon the attorney of record for each party, by mail on _____6/17/05_____.

Signed: _/s/_